PROVIDED TO GULF CI
MAILROOM

FEB 09 2024

INMATE'S INITIALS W

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

WILLIAM FLORES ,

Inmate ID Number: T16425 ,

*(Write your full name and inmate ID number.)*

**Case No.:** 3:24cv00068 - TKW-HTC
*(To be filled in by the Clerk's Office)*

v.

Florida Dept. of Corr., et.al. ,

CHAD PUGH ,

**Jury Trial Requested?**
☒ **YES**  ☐ **NO**

AUSTIN LEE ALLIGOOD ,

TYLER FENDLASON ,
*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

/

FILED USDC FLND PN
FEB 14 '24 PM1:55

## I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: WILLZAM FLORES                ID Number: T16425

List all other names by which you have been known: Willie, William

Flores Jr., Flo

Current Institution: Gulf Correctional Institution

Address: 500 IKE STEELE ROAD, WEWAHITCKA, Fl. 32465 -

0010

### B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *each and every* Defendant:

1. Defendant's Name: CHAD PUGH

   Official Position: SERGEANT

   Employed at: SANTA ROSA C.I. (Main Unit)

   Mailing Address: 5850 E. Milton Road, Milton, Fl. 32583

   ☑ Sued in Individual Capacity          ☑ Sued in Official Capacity

2. Defendant's Name: Austin Lee Alligood

Official Position: Correctional Officer

Employed at: Santa Rosa C.I. (Main Unit)

Mailing Address: 5850 E. Milton Road, Milton, Fl. 32583

☑ Sued in Individual Capacity      ☑ Sued in Official Capacity

3. Defendant's Name: Tyler Fendlason

Official Position: Sergeant

Employed at: Santa Rosa C.I. (Main Unit)

Mailing Address: 5850 E. Milton Road, Milton, Fl. 32583

☑ Sued in Individual Capacity      ☑ Sued in Official Capacity

(*Provide this information for all additional Defendants in this case by attaching additional pages, as needed.*)

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)  ☑ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

☐ Pretrial Detainee  ☐ Civilly Committed Detainee

☑ Convicted State Prisoner  ☐ Convicted Federal Prisoner

☐ Immigration Detainee  ☐ Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* showing why you are entitled
to relief. Describe how *each* Defendant was involved and what each Defendant
did, or did not do, in support of your claim. Identify when and where the events
took place, and state how each Defendant caused you harm or violated federal
law. Write each statement in short, numbered paragraphs, limited as far as
practicable to a single event or incident. ***Do not make legal arguments, quote
cases, cite statutes, or reference a memorandum.*** You may make copies of
page 6 if necessary to supply all the facts. Barring extraordinary circumstances,
no more than five (5) additional pages should be attached. Exhibits attached to

the complaint will count as part of your page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.

1.) On 5/28/21 while housed at SANTA ROSA C.I. (Main Unit) at approx. 8:30am I was assigned to Work in Food Service.

2.) At approx. 1:00pm defendant(s) CHAD PUGH, AUSTIN LEE ALLIGOOD, and TYLER FENOLASON entered A-1 dormitory to advise me that I was being moved to H-Dorm (Food Service Dormitory)

3.) Plaintiff was in the restroom when the defendants told him to pack his belongings.

4.) Plaintiff stated that he rather go to confinement instead of working or moving to food service.

5.) Defendant Chad pugh slapped the plaintiff in the face and said "if I have to pack your property, you are not going to like it"

6.) Plaintiff again stated that he rather go to Confinement.

7.) Defendant chad pugh punched the plaintiff in his face with a closed fist.

8.) Plaintiff noticed that defendant(s) were taking this to another level and I quickly stated, okay, I'll pack up.

**Statement of Facts Continued** (*Page 1 of 5*)

9.) Once I exited the restroom and in plain sight of Fixed Wing Video Camera in A-1 bedding area plaintiff Voluntarily and non-combatively placed himself on the floor and placed his hands behind his back. Plaintiff refused all orders to get up.

10.) Defendant(s) Chad pugh and Austin Lee Alligood placed the plaintiff in wrist restraints with his hands cuffed behind his back, and assisted to his feet.

11.) Once the plaintiff was out of fixed wing Video and as he was being escorted out the dormitory defendant Chad pugh hit the plaintiff in the back of his hand with a Walkie-talkie.

12.) Defendant Alligood released the plaintiff from his custodial grip causing the plaintiff to come falling on his Knees as he Smashes his head on the metal frame of the exit door.

13.) Plaintiff ended face down breaking his nose and sent Via Ambulance to Ascension Sacred Heart Hospital with severe facil and head truama.

Statement of Facts Continued (Page 2 of 5)

14.) Defendant Fendlason did nothing to intervene from causing plaintiff serious bodily harm as he already witnessed Pugh strike plaintiff in the face twice.

15.) Plaintiff presented no imminent threat nor danger towards any of the defendants to justify the use of physical force as plaintiff was subdued and defensless in restraints.

16.) Defendant Pugh knowingly, malisciously, and sadistically hit the Plaintiff violently in the back of his head with the intent to cause harm.

17.) On 5/30/21 after making a recovery in the hospital I was brought back to prison and placed in the infirmary for continuing treatment and observation.

18.) On 6/4/21 defendant Pugh came to I 1202 where I was being housed in the infirmary and stated, " I didn't hurt you that bad."

19.) On 6/15/21 I was served with a Disciplinary Report (DR) for Battery or Attempted Battery on a Correctional officer written by defendant Alligood.

**Statement of Facts Continued** (*Page 3 of 5* )

20.) On 6/17/21 I was taken to Baptist Hospital to have surgery on my broken nose.

21.) On 6/18/21 defendant Pugh again came to my cell (I1206) as I was placed back in the infirmary after having surgery for further treatment and observation.

22.) When defendant Pugh appeared at my cell I was being seen by the head of Mental Health Services, Mrs. K. Gill, PH.D., LMHC. When I saw pugh I nervously told Mrs. Gill, there he goes again taunting and antagonizing me putting me in fear of my well-being and safety. When Pugh saw Mrs. Gill he immediately left. When Mrs. Gill left he returned and smiled.

23.) On 6/23/21 I was served with two (2) more DR's for Battery or Attempted Battery on a Correctional Officer written by defendants PUGH and Fendlason.

24.) On 6/28/21 I was seen and interviewed by Mrs. Darla Henderson, use of force unit, from the Office of the Inspector General as she was investigating the use of force. (FDC/OIG Investigation 21-09874 SRCI (flores)).

**Statement of Facts Continued** (*Page 4 of 5* )

25.) On 6/30/21 Plaintiff was reccommended to be placed on Close Management (CM) for the three (3) alledged battery or attempted battery on the three defendants.

26.) On 7/1/21 the plaintiff was taken back to Baptist Hospital to have the packing removed from his nose.

27.) On 7/9/21 Plaintiff was placed on CMI and moved to B2208 Santa Rosa C.I. (Main Unit). (Close Management (CM))

28.) On 7/20/21 I was seen by Mrs. Darla Henderson. I was asked to submit a DNA swab because defendant Pugh gave the investigating officer a homemade hand cuff key that he stated I had in my mouth on 5/28/21. I never had a homemade hand cuff key in my mouth.

29.) Defendant Pugh knowingly and willingly gave Mrs. Darla Henderson false evidence to justify his unnecessary and excessive use of physical force on a restrainted and subdued inmate who posed no threat or danger.

30.) As a result of the defendant(s) actions and in-actions mentioned and committed the Plaintiff sus-tained the following injuries but are not limited too: A fracture to the left side of my head; a broken nose;

**Statement of Facts Continued** (*Page 5 of 5* )

five (5) staples and twelve (12) stichtes to the left side of my head; knees, wrist, ankles, and shoulder bruising. I was given three (3) different kinds of medication to help cope with the pain and anxieties.

31.) There existed no objectively reasonable penological reason for defendant(s) pugh, Alligood, and Fendlason to use and inflict the harsh, cruel and unusual punishment on an inmate who was in wrist restraints and subdued.

32.) The law was and is clearly established at the time that Correctional Officers can not use physical force on an inmate who in wrist restraints poses no imminent threat or danger toward an officer to justify the use of force.

33.) Defendont(s) Pugh, Alligood, and Fendlason knowingly, and willingly violated plaintiff's 4th, 8th, and 14th Amendment of the United States Constitution, as the force used was unnecessary and excessively used with the intent to cause serious harm.

34.) Defendant(s) Pugh, Alligood, and Fendlason knowingly submitted false evidence to justify the use of force which was the direct cause of Plaint.ff being placed on Close Management for two years losing 953 days of earned gain-time as well as all physical injuries sustained, and emotional scars.

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

35.) Defendant(s) Pugh, Alligood, and Fendlason all violated plaintiff's 4th Amendment U.S. Const. as the forced used was unneccessary & excessive.

36.) Defendant(s) Pugh, Alligood, and Fendlason all violated plaintiff's 8th Amendment U.S. Const. as the force used was cruel and unusual punishment.

37.) Defendant(s) Pugh, Alligood, and Fendlason all violated plaintiff's 14th Amend. U.S. Const. as they knowingly submitted and provided false evidence.

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

38.) Defendant Chad Pugh should be held liable to pay #15,000 in compensation and #45,000 in punitive damages as he maliciously and sadistically hit plaintiff in the back of his head while in wrist restraints causing serious injuries & scars.

VI.  RELIEF REQUESTED CONTINUED  (Page 1 of 2)

39.) Defendant Austin Lee Alligood should pay $3,000 in compensation and $12,000 in punitive damages for aided and abedding pugh in covering up the assualt on plaintiff while in wrist restraints falsifying the incident report causing plaintiff to be housed in Close Management status for two years losing 953 day of earned gain-time

40.) Defendant Tyler Fendlason should pay $3,000 in compensation and $12,000 in punitive damages as he failed to intervene as he witnessed pugh and Alligood use physical force on a subdue and restraint plaintiff who posed no immenent threat or danger. He further aided and abedded pugh and alligood in falsifying the incident report causing plaintiff to be housed in Close Management for 2 years losing 953 days of earned gain-time.

## - BASIS FOR THESE CLAIMS/AMOUNTS

41.) Defendant chad pugh used malicious and sadistic force with the intent to cause serious bodily harm as his actions were repugnant to the conscience of mankind, as there was absolutely no reason whatsoever to hit an inmate in the back of his head with a walkie-talkie while in wrist restraints. The amount sought is just.

7a.

VI. RELIEF REQUESTED CONTINUED (Page 2 of 2)

42.) Defendant Austin Lee Alligood assisted Pugh in causing plaintiff serious bodily harm as he released the plaintiff from his custodial grip when Pugh struck plaintiff in the back of his head which caused plaintiff to come down hard on his knees smashing his head on the metal frame of A-1 dormitory exit door ended face down breaking his nose as plaintiff's hands were restraint behind his back. The amount sought is just.

43.) Defendant Tyler Fendlason failed to stop and/or intervene as he witnessed Pugh and Alligood use excessive and unnecessary physical force on a subdue inmate and he did nothing to curb or prevent Pugh from inflicting the serious bodily injuries suffered. Fendlason also falsified the incident report to justify Pugh and Alligood actions. The amount sought is just.

7b.

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.* If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII.  PRIOR LITIGATION

*This section requires you to identify your prior litigation history.  Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.  You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while*

*incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

☑ YES   ☐ NO

If "Yes," identify the case number, date of dismissal, and court for each case:

1. Date: _2/28/23_        Case #: _3:22-cv-22213-RV-HTC_

   Court: _Northern District of Florida, Pensacola Division_

   Reason: _Malicious- failed to disclose prior litigation_

2. Date:_____ Case #: _____

   Court: _____

   Reason: _____

3. Date:_____ Case #: _____

   Court: _____

   Reason: _____

(*If necessary, list additional cases on an attached page*)

B.  Have you filed other lawsuits or appeals in ***state or federal court*** dealing

with the same facts or issue involved in this case?

☑ YES ☐ NO

If "Yes," identify the case number, parties, date filed, result (*if not still*

*pending*), name of judge, and court for each case (*if more than one*):

1.  Case #: <u>3:22-cv-22213-RV-HTC</u> Parties: <u>Florida Dept. of Corr., et. al.</u>

Court: <u>Northern District</u>      Judge: <u>Roger Vinson</u>

Date Filed: <u>11-4-22</u> Dismissal Date (*if not pending*): <u>2-28-23</u>

Reason: <u>Dismissed w/o prejudice as Malicious, failed to list prior litigation.</u>

2.  Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date (*if not pending*): _____

Reason: _____

(*If necessary, list additional cases on an attached page*)

C.  Have you filed any other lawsuit, habeas corpus petition, or appeal in

***state or federal court*** either challenging your conviction or  relating to

the conditions of your confinement?.

☑ YES   ☐ NO

If "Yes," identify all lawsuits, petitions and appeals:

1. Case #: _8:06-cv-1756-JSM-T6W_ Parties: _Flores v. Sec'y Dept. of Corr., et. al._

   Court: _Middle District_   Judge: _can't recall_

   Date Filed: _Can't recall_ Dismissal Date (*if not pending*): _7/30/08_

   Reason: _Can't recall. I also appealed can't recall case #_

2. Case #: _2008US0657.LEXIS85664_ Parties: _Flores v. Sec'y Dept. of Corr., et. al._

   Court: _11th Cir, Court of Appeal_   Judge: _Can't recall_

   Date Filed: _Can't recall_ Dismissal Date (*if not pending*): _10/10/08_

   Reason: _Can't recall_

3. Case #: _8:08-cv-178-EAK-T6W_ Parties: _Flores v. Ober, et. al._

   Court: _Middle District_   Judge: _Can't recall_

   Date Filed: _Can't recall_ Dismissal Date (*if not pending*): _4/29/08_

   Reason: _Heck v. Humphrey_

4. Case #: _6:19-cv-564-GKS-G/K_ Parties: _Flores v. Jones, et. al._

   Court: _Middle District_   Judge: _Can't recall_

   Date Filed: _can't recall_ Dismissal Date (*if not pending*): _1/26/21_

   Reason: _failed to prosecute_

5. Case #: _3:22-cv-22213-RV-HTC_ Parties: _Flores v. Florida Dept. of Corr., et. al._

   Court: _Northern District_   Judge: _ROGER VINSON_

   Date Filed: _11/4/22_ Dismissal Date (*if not pending*): _2/28/23_

   Reason: _Malicious - failed to disclose prior litigation_

6. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

   (*Attach additional pages as necessary to list all cases.*)

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3. I understand it is my obligation to timely notify the Clerk's Office if there is any change to my mailing address and that my failure to do so may result in a dismissal of the action.

Date: 2/9/24 Plaintiff's Signature: _William Flores_

Printed Name of Plaintiff: WILLIAM FLORES

Correctional Institution: Gulf Correctional Institution

Address: 500 Ike Steele Road

Wewahitchka, Fl. 32465-0010

**I certify and declare, under penalty of perjury, that this complaint was (*check one*) ☐ delivered to prison officials for mailing or ☐ deposited in the prison's mail system for mailing on the 9th day of Feb, 20 24.**

Signature of Incarcerated Plaintiff: _William Flores_

WILLIAM FLORES, # 710740
GULF CORRECTIONAL INSTITUTION
500 IKE STEELE ROAD
Newahitchka, Fl. 32465-0010

Mailed from a
Correctional
Institution



UNITED STATES POSTAGE
PITNEY BOWES
02 1P
0000932234    FEB 09 2024
$ 002.31⁰
MAILED FROM ZIP CODE 32465

THIS LETTER
ORIGINATED AT
GULF CORRECTIONAL
INSTITUTION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, FLORIDA
PENSACOLA DIVISION
100 N. Palafox Street
Pensacola, Fl. 32502-5665

"Legal
Mail"

PROVIDED TO GULF CI
MAILROOM

FEB 0 9 2024

INMATE'S INITIALS _W__

LEGAL MAIL